**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JASON HELVEY, )<br>)<br>        Petitioner, )<br>)<br>v. )<br>)<br>RICH CLARK, )<br>)<br>        Respondent. ) | No. 3:05-cv-0020-RLY-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, petitioner Helvey was entitled to the following process before being deprived of his liberty interests in the disciplinary proceeding identified as No. BTC 04-10-0123: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Helvey received all the process to which he was entitled. The record shows that the charge was clear, that Helvey received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made. Additionally, the evidence was constitutionally sufficient, for the reasons already stated. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct

board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The respondent has shown without contradiction from Helvey, however, that there was ample evidence of his participation in a scheme and behavior with other offenders to traffic tobacco and marijuana into the Branchville Correctional Facility, an Indiana prison. This occurred between August 23, 2004, and October 20, 2004.

Helvey's claim that he was not given the opportunity to waive the hearing or to waive advance notice of the hearing is specious. *Wolff's* procedural requirements include notice of a hearing, not an opportunity to waive that notice. Insofar as this contention rests on the asserted failure to comply with an Indiana prison regulation, even such a violation would not support the award of federal habeas relief. *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990). *See also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995). A federal court "does not sit to correct any errors of state law." *Hester v. McBride,* 966 F.Supp. 764, 774 (N.D.Ind. 1997) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991). The apparently related arguments that Helvey was improperly kept in segregation pending the outcome of the matter and was not notified of an extension of time granted to the investigating officer to complete his report are also without merit. *Woodson v. Lack,* 865 F.2d 107, 109 (6th Cir. 1989).

Helvey's final claim is that, without access to the confidential information on which prison authorities relied in fashioning the charge and reaching a decision on the question of his guilt, he was unable to fairly defend against the charge. The purpose of the advance notice requirement is "to inform [the prisoner] of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564; *see Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995). "The notice should include 'the number of the rule violated and a summary of the facts underlying the charge.'" *Whitford,* 63 F.3d at 534 (7th Cir. 1995) (quoting *Adams v. Carlson,* 375 F. Supp. 1228, 1237 (E.D.Ill. 1974), *aff'd in part, rev'd in part on other grounds,* 521 F.2d 168 (7th Cir. 1975)). The notice in this case was fully sufficient under this standard, whether considered solely as the conduct report or as the conduct report in conjunction with the report of investigation. Because the report of investigation was quite factual in its recitation, direct information attributed to specific sources was not required. *Pardo v. Hosier,* 946 F.2d 1278, 1280-81 (7th Cir. 1991) (prison administrators "must be accorded wide-ranging deference in the. . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security")(internal quotations omitted). There was no abuse of authority, and no violation of Helvey's limited due process rights in these circumstances. Thus, Helvey has not shown that the decision or process in the challenged proceeding suffered from any constitutional infirmity. *Liegakos v. Cooke,* 106 F.3d 1381,1388 (7th Cir. 1997) ("A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Helvey to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.[1]

**IT IS SO ORDERED.**

Date: 09/09/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] The website of the Indiana Department of Correction shows that Helvey is now confined at the Pendleton Correctional Facility. The clerk shall therefore send Helvey's copy of this Entry and of the accompanying Judgment to Helvey at that institution.